# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00342-FDW

| | |
|---|---|
| BRIAN KEITH ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CHARLOTTE MECKLENBURG ) | |
| POLICE DEP'T, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983 [Doc. 1], see 28 U.S.C. § 1915(a), and Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2].

**I.     BACKGROUND**

Pro se Plaintiff Brian Keith Rogers ("Plaintiff") is a prisoner currently incarcerated at Butner Federal Correctional Institution in Butner, North Carolina. Plaintiff filed the current action on July 18, 2019, pursuant to 42 U.S.C. § 1983, naming the following as Defendants: (1) Charlotte Mecklenburg Police Department; (2) Charlotte Mecklenburg Magistrate Office; (2) Scottie P. Carson, identified as a police sergeant; (4) J.G. Brito, identified as a police officer; (5) FNU Kellough, identified as a police officer; and (5) FNU Simmons, identified as a Mecklenburg County Magistrate. [Doc. 1 at 1, 3]. Plaintiff purports to bring claims against Defendants for violation of Plaintiff's rights under Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution for racial profiling, false accusations, issuance of an unreasonable bond, and denial of an unbiased hearing in relation to Plaintiff's arrest for trafficking and possession of opium or heroin. [Doc. 1 at 3-4; Doc. 3].

Specifically, Plaintiff alleges as follows in support of his claims:

> On Sept. 6, 2018 undercover Officer Kellough in his official capacity did racially profile and make false accusation, in the course of duty against the Plaintiff (Brian Keith Rogers). To cause the stop, handcuff and detainment search and arrest for crimes of trafficking and possession of opium or heroin. At 17:21 hours on the same day just mins later officers Scottie P. Carson Jr. and J.G. Brito Jr. in their official capacity after receiving a call from Officer Kellough that he observed the Plaintiff make a hand to hand drug tranaction [*sic*] [with a white male]. Then detain, cuff, and search then illegally arrest the Plaintiff (Brian Keith Rogers), Magistrate Judge G. Simmons in his official capacity as a judicial officer, did deny the Plaintiff a fair, impartial unbiased hearing. An issued unreasonable bond of $250,000.00 and a order of detainment in Mecklenburg County Jail.

[Doc. 1 at 3 (grammatical errors in original); Doc. 3 at 2].

In a "Memorandum and Affidavit" Plaintiff filed the same day as his Complaint, which the Court construes as a part of Plaintiff's Complaint for the purpose of initial review, Plaintiff alleges additional relevant facts:

> On Sept. 6, 2018 Under Cover Officer C Kellough radioed Uniformed Officer Scottie P. Carson Jr. and Officer J.G. Brito Jr that he observed the Plaintiff (Brian Keith Rogers) conduct a hand to hand drug transaction in the parking lot of Bojangles on Statesville Rd. A recanted statement later reported by Officer Kellough insist that he never observed a drug transaction but observed what looked to be a possible drug transaction being moved to another location. His assumption was based off what actions described in his recanted statement that can only be construed as lies to justify the false radio mgs. to the Uniformed Officers of a hand to hand drug transaction by the Plaintiff.

[Doc. 3 at 1 (grammatical errors in original)]. Plaintiff does not allege whether he was convicted of this offense and does not attempt to state a claim for false imprisonment. Plaintiff has been housed at Butner since shortly after filing his Complaint in this matter.

For relief, Plaintiff seeks $75 million in damages, as well as various injunctive relief including that his criminal record be fully expunged "of any and all offenses reported on it prior

to and presently as a result of this incident." [Doc. 1 at 4-5].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

First, to the extent Plaintiff was convicted of the offense that is the subject of his Complaint (and this conviction has not been vacated), Plaintiff's claim is barred by Heck v. Humphries, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

3

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 486-87 (footnotes omitted; emphasis added). Here, given the nature of much of the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of any conviction or sentence in the underling criminal matter. Plaintiff, however, has not alleged that a conviction has been reversed or otherwise invalidated. Therefore, his Complaint may be barred by <u>Heck</u>.

Further, Plaintiff complains that he was wrongfully arrested as a result of Defendant Kellough's false accusations, but does not allege whether the criminal proceedings related to the offense at issue are ongoing. In <u>Younger v. Harris</u>, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the <u>Younger</u> abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. <u>Emp'rs Res. Mgmt. Co. v. Shannon</u>, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, the Court lacks sufficient information to determination whether the elements of <u>Younger</u> have been met, but they very well may be.

To the extent Plaintiff <u>Heck</u> and <u>Younger</u> do not apply, Plaintiff has, nonetheless, failed to state a claim as to Defendants Charlotte Mecklenburg Police Department, Charlotte Mecklenburg

Magistrate Office, Carson, Brito, and FNU Simmons.

Defendant FNU Simmons, Magistrate Judge, is immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). Here, Plaintiff's allegations relate to conduct by Defendant Simmons while he was acting in his judicial capacity. As such, Plaintiff's claims against Defendant Simmons fail.

Next, Defendant Charlotte Mecklenburg Police Department is not a "person" subject to suit under Section 1983. See Brooks v. Pembroke Cty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). As such, Defendant Charlotte Mecklenburg Police Department will be dismissed from this action. Further, Defendant "Charlotte Mecklenburg Magistrate Office" is not a legal entity in any case and will be dismissed from this action.

As for Defendants Carson and Brito, Plaintiff alleges nothing that can be construed to support any personal participation by them in any violation of Plaintiff's constitutional rights. Plaintiff alleges that these Defendants received a call from Defendant Kellough reporting that Defendant Kellough had observed Plaintiff engage in a hand to hand drug transaction. Defendants Carson and Brito simply responded to the information that was provided to them and acted accordingly. Plaintiff, therefore, has failed to state a claim against Defendants Carson and Brito and they will be dismissed as Defendants in this matter.

Finally, as to Defendant Kellough, taking Plaintiff's allegations as true and drawing all reasonable inferences therefrom, the Court finds that Plaintiff has stated a claim against Defendant Kellough to the extent Plaintiff's claims are not barred by Heck or Younger. As such, the Court will allow Plaintiff thirty (30) days to amend his Complaint to include information regarding the status and resolution, if any, of the charges related to the arrest at issue, such that the Court may determine whether Plaintiff's claims are barred by Heck and/or this Court should abstain under Younger.

The Plaintiff is advised that to amend his Complaint, Plaintiff may not simply add or modify allegations to his already existing Complaint. Rather, he must submit an amended complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue. That is, a plaintiff may not amend his Complaint in piecemeal fashion. Furthermore, once Plaintiff amends his Complaint, the original Complaint will be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the complaint against Defendant Kellough in accordance with the terms of this Order. If Plaintiff fails to amend the complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

2. Defendants Charlotte Mecklenburg Police Department, Charlotte Mecklenburg

Magistrate Office, Carson, Brito, and FNU Simmons are dismissed. See 28 U.S.C. §§ 1915(e); 1915A

3. Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2] is **GRANTED** for the limited purpose of this Court's initial review of Plaintiff's Complaint.

4. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

Signed: December 28, 2019

Frank D. Whitney
Chief United States District Judge