# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00342-FDW

| | |
|---|---|
| BRIAN KEITH ROGERS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THOMAS GROSSE, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint filed under 42 U.S.C. § 1983 [Docs. 11, 11-1], see 28 U.S.C. §§ 1915(a) and 1915A, and Plaintiff's Motion for Recusal [Doc. 12].

Pro se Plaintiff Brian Keith Rogers ("Plaintiff") is a prisoner currently incarcerated at Butner Federal Correctional Institution in Butner, North Carolina. Plaintiff filed the current action on July 18, 2019, pursuant to 42 U.S.C. § 1983, naming as Defendants the Charlotte Mecklenburg Police Department; the Charlotte Mecklenburg Magistrate Office; Scottie P. Carson, identified as a police sergeant; J.G. Brito, identified as a police officer; FNU Kellough, identified as a police officer; and FNU Simmons, identified as a Mecklenburg County Magistrate. [Doc. 1 at 1, 3]. Plaintiff purported to bring claims against these Defendants for violation of Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution for racial profiling, false accusations, issuance of an unreasonable bond, and denial of an unbiased hearing in relation to Plaintiff's arrest for trafficking and possession of opium or heroin. [Doc. 1 at 3-4; Doc. 3].

The Court conducted its initial review of Plaintiff's complaint under 28 U.S.C. §§ 1915(e) and 1915A and dismissed Defendants Charlotte Mecklenburg Police Department (CMPD),

Charlotte Mecklenburg Magistrate Office, FNU Simmons, Scottie P. Carson, and J.G. Brito for the reasons stated in that Order. [Doc. 8]. The Court allowed Plaintiff thirty (30) days to file an amended complaint to demonstrate that his claims against the remaining Defendant, FNU Kellough, are not barred by Heck v. Humphries, 512 U.S. 477 (1994) and/or Younger v. Harris, 401 U.S. 37 (1971).

Plaintiff has now filed an amended complaint demonstrating that his claims may not be barred by Heck and Younger. [See Docs. 11, 11-1]. Plaintiff has also acknowledged that Defendant FNU Kellough was not involved in the incidents alleged in the complaint but alleged additional facts against previously dismissed Defendants Brito and Carson. Plaintiff also named two additional Defendants in his amended complaint, Defendants Thomas Grosse and FNU Cello, both identified as undercover officers with the CMPD. Plaintiff, however, has sued all Defendants in their official capacities only. [Doc. 11-1 at 1]. Plaintiff's claims against these four Defendants are in the same vein as those claims brought against Defendant Kellough in Plaintiff's original Complaint. [See id.].

For relief in his amended complaint, Plaintiff seeks $75 million in damages and injunctive relief, including "full expungement of any and all offenses reported on [Plaintiff's] record prior to and presently as a result of this incident," that "all officers involved be reprimanded for their part in this incident" and be enrolled "in some kind of assessment class to improve their race relations and counter their prejudices in dealing with African American males." [Doc. 11].

Typically, actions against officers in their official capacities, being synonymous with the local governing body of which they are members, cannot proceed under § 1983 where the plaintiff seeks monetary relief and the action is not based on "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dept. of Soc.

Servs., 98 S. Ct. 2018, 2035-36 (1978). However, where a plaintiff seeks prospective relief, as here, certain claims may proceed. See Ex Parte Young, 28 S. Ct. 441 (1908). Accordingly, taking Plaintiff's allegations as true and giving the Plaintiff the benefit of every reasonable inference, Plaintiff's claims against Defendants Grosse, Cello, Carson, and Brito are not clearly frivolous. This action, therefore, may proceed past initial review.

As to Plaintiff's motion for recusal, this motion will be denied. Plaintiff requests that the undersigned be recused from presiding over this civil action because "[t]he same incident that occurred and resulted in the filing of the [this] complaint is the same incident heard by Judge Whitney in which he ruled against the Plaintiff [in Plaintiff's supervised release hearing]." [Doc. 12 at 1]. Plaintiff further argues that, "Judge Whitney's adverse ruling against the Plaintiff leading to his revocation of supervised release leaves questions as to whether the Plaintiff in this complaint will be [afforded] an unbiased hearing without prejudice." [Id. at 2]. Plaintiff has not presented grounds for recusal of the undersigned. Plaintiff's unsupported suppositions regarding the undersigned's ability and duty to be a fair and impartial jurist under the circumstances are not adequate grounds for recusal. The Plaintiff's motion is denied.

In sum, Plaintiff's amended complaint survives initial review. Plaintiff's motion for recusal, however, is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Amended Complaint [Docs. 11, 11-1] survives initial review. 28 U.S.C. §§ 1915(e), 1915A.

2. Plaintiff's Motion for Recusal [Doc. 12] is **DENIED**.

3. The Clerk is directed to mail four (4) summons forms to Plaintiff for Plaintiff to fill out and identify Defendants in the summonses for service of process, and then return the

summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendants.

Signed: March 25, 2020

Frank D. Whitney
Chief United States District Judge