UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00342-MR

| | |
|---|---|
| BRIAN KEITH ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| THOMAS GROSSE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's recent filing [Doc. 16], which the Court construes as a motion to amend his Amended Complaint and a motion to stay the proceedings pending Plaintiff's appeal from the Court's Order denying Plaintiff's motion to recuse.[1]

Pro se Plaintiff Brian Keith Rogers ("Plaintiff") is a prisoner currently incarcerated at Butner Federal Correctional Institution in Butner, North Carolina. Plaintiff filed this action on July 18, 2019, pursuant to 42 U.S.C. § 1983, naming as Defendants the Charlotte Mecklenburg Police Department; the Charlotte Mecklenburg Magistrate Office; Scottie P. Carson, identified as a police sergeant; J.G. Brito, identified as a police officer; FNU Kellough,

---

[1] In this filing, Plaintiff also requests appeal to the Fourth Circuit Court of Appeals from the Court's Order denying Plaintiff's motion for recusal. Plaintiff's notice of appeal has been transmitted to the Fourth Circuit. [Docs. 17, 18].

identified as a police officer; and FNU Simmons, identified as a Mecklenburg County Magistrate. [Doc. 1 at 1, 3]. Plaintiff purported to bring claims against these Defendants for violation of Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution for racial profiling, false accusations, issuance of an unreasonable bond, and denial of an unbiased hearing in relation to Plaintiff's arrest for trafficking and possession of opium or heroin. [Doc. 1 at 3-4; Doc. 3].

The Court conducted its initial review of Plaintiff's complaint under 28 U.S.C. §§ 1915(e) and 1915A and dismissed Defendants Charlotte Mecklenburg Police Department, Charlotte Mecklenburg Magistrate Office, FNU Simmons, Scottie P. Carson, and J.G. Brito for the reasons stated in that Order. [Doc. 8]. The Court allowed Plaintiff thirty (30) days to file an amended complaint to demonstrate that his claims against the remaining Defendant, FNU Kellough, are not barred by Heck v. Humphries, 512 U.S. 477 (1994) and/or Younger v. Harris, 401 U.S. 37 (1971).

Plaintiff filed an amended complaint demonstrating that his claims may not be barred by Heck and Younger. [See Docs. 11, 11-1]. Plaintiff also acknowledged that Defendant FNU Kellough was not involved in the incidents alleged in the complaint but alleged additional facts against previously dismissed Defendants Brito and Carson. Plaintiff also named two

additional Defendants in his amended complaint, Defendants Thomas Grosse and FNU Cello, both identified as undercover officers with the CMPD. Plaintiff, however, sued all Defendants in their official capacities only. [Doc. 11-1 at 1]. For relief, in his amended complaint, Plaintiff sought monetary and injunctive relief. [Doc. 11]. On initial review, the Court allowed the official capacity claims under § 1983 to proceed against Defendants Grosse, Cello, Carson, and Brito because Plaintiff seeks prospective relief. See Ex Parte Young, 28 S. Ct. 441 (1908). The Court also denied Plaintiff's motion to recuse the Honorable Frank D. Whitney, Chief United States District Judge, at this time. [Doc. 14]. Plaintiff appealed the Court's Order denying the motion to recuse to the Fourth Circuit Court of Appeals. [Doc. 17].

Plaintiff now moves to amend his Amended Complaint to sue Defendants "in their individual as well as official capacities." [Doc. 16 at 2]. Plaintiff also moves to stay these proceedings pending his appeal from the denial of his motion to recuse Chief Judge Whitney from his case.[2]

Generally, "the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from

---

[2] For reasons wholly unrelated to Plaintiff's motion to recuse, Plaintiff's case has been reassigned to the undersigned. Plaintiff's appeal, therefore, appears to be moot and the Court enters contemporaneously herewith a Suggestion of Mootness to be transmitted to the Fourth Circuit Court of Appeals.

3

the district court to the court of appeals." Hunter v. Town of Mocksville, 271 F.Supp.3d 787 (M.D.N.C. Sept. 21, 2017) (quoting Grand Jury Proceedings Under Seal v. United States, 947 F.2d 1188, 1190 (4th Cir. 1991)). "Nonetheless, a district court retains jurisdiction to act in three discreet circumstances: (1) when a matter is not related to the issue involved in the appeal; (2) when the order appealed is not appealable or is clearly frivolous; and (3) when a district court's action would aid in the appeal." In re Bryant, 175 B.R. 9, 11-12 (W.D. Va. Nov. 2, 1994). Here, the Court retains jurisdiction over Plaintiff's pending motions because they are unrelated to the issue involved in the appeal and because the order is not a final order nor an appealable interlocutory order. See id.; United States v. Phillips, 420 Fed. App'x 269, 269 (4th Cir. 2011) (holding court of appeals lacked jurisdiction over appeal from denial of motion to recuse). The Court, therefore, addresses Plaintiff's motions in turn.

Plaintiff requests that this matter "be placed in stay until the 4th Cir. Review and ruleing [*sic*] is complete." [Doc. 16 at 1]. Plaintiff has not stated adequate grounds for a stay and the Court sees none, especially where the appeal appears moot. The Court, therefore, will deny Plaintiff's motion to stay.

4

Case 3:19-cv-00342-MR   Document 20   Filed 05/26/20   Page 4 of 6

Plaintiff also seeks to amend his Complaint.  Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15.  However, "a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile.  Id.

Here, Plaintiff has not attached a proposed amended complaint to his motion.  To amend his Complaint, Plaintiff must make a motion and submit a proposed amended Complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue and states all relief he is seeking.  Furthermore, if Plaintiff amends his Complaint, the original Complaint would be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).  If the Court were to allow Plaintiff to proceed on this purported amended complaint, Plaintiff's Amended Complaint would be superseded and his claims therein lost.  A plaintiff, therefore, may not (and should not) amend

5

his complaint in piecemeal fashion.

As such, the Court will deny Plaintiff's motion to amend without prejudice and, again, allow Plaintiff thirty (30) days to amend his Complaint to assert all the claims Plaintiff intends to bring against all the Defendants he intends to sue.

## ORDER

**IT IS, THEREFORE, ORDERED** that that Plaintiff's motion to stay [Doc. 16] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend [Doc. 16] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff may, within thirty (30) days of this Order, file a second amended complaint in accordance with the terms of this Order. If Plaintiff fails to timely file an amended complaint, Plaintiff's action will proceed on Plaintiff's first Amended Complaint at Docket No. 11.

Signed: May 22, 2020

Martin Reidinger
United States District Judge