UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00342-MR

| BRIAN KEITH ROGERS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| SCOTTIE P. CARSON, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Discovery" [Doc. 28] and Defendant Brito, Carson, and Grosse's Motion to Extend Time to File Responsive Pleading" [Doc. 29].

Pro se Plaintiff Brian Keith Rogers ("Plaintiff") is a prisoner currently incarcerated at Butner Federal Correctional Institution in Butner, North Carolina. Plaintiff filed this action on July 18, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff filed an Amended Complaint on February 10, 2020, which survived initial review. [Docs. 11, 14]. Defendants Carson, Grosse, and Brito ("Defendants"), who are alleged to be officers with the Charlotte-Mecklenburg Police Department, were served on May 29, 2020. [Docs. 23-25]. Defendant Cello remains unserved. [See Doc. 22]. On June 19, 2020, Plaintiff filed a Second Amended Complaint, making Defendants answer due

by July 10, 2020. [See Doc. 27]. The deadline to answer has passed and Defendants now seek additional time to serve pleadings responsive to Plaintiff's Second Amended Complaint. [Doc. 29]. Defendants acknowledge that the time has expired and request additional time under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure based on excusable neglect. [Id. at 1].

As grounds for an extension, counsel cites the diversion of the municipality's resources to focus on protection of its citizens during the Covid-19 pandemic and "to address the legal problems related to peaceful protest [that began related to the death of George Floyd] while balancing property owners and other citizens' rights." [Doc. 29 at 2]. Counsel "takes full responsibility and asks the Court for leniency" and notes that he has "implemented safeguards to reduce the likelihood of a missed deadline recurring significantly." [Id.]

Resolution of disputes on the merits is highly favored. See Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). Further, Plaintiff has not moved for entry of default, nor does it appear that Plaintiff would be prejudiced by Defendants' short delay in responding to Plaintiff's Second Amended Complaint. Given these facts and the totality of the circumstances in this case, the Court will grant Defendants' motion for an additional thirty (30) days

to answer or otherwise plead in response to Plaintiff's Second Amended Complaint.

As to Plaintiff's Motion for Discovery, Plaintiff moves for "all discovery pertaining to the Plaintiff's arrest on September 6, 2018. This includes all police reports, body camera film, audio recordings, and statements written by officers." [Doc. 28]. Plaintiff also requests testimony and other evidence from a probation hearing and for the Court to order a Bojangles restaurant to provide certain video footage. [Id.]. As Plaintiff was advised in the Order of Instructions mailed to him on July 18, 2019, "discovery does not commence until issuance of the scheduling order." [Doc. 4 at 3 (citing LCvR 26.1)]. No scheduling order has been entered in this case. Further, discovery requests or other discovery materials shall only be filed on the opposing party, not with the Court. LCvR 26.2. As such, after a scheduling order is entered in this case, Plaintiff may commence discovery. Should Plaintiff seek discovery from non-parties, such as Bojangles, he may employ Rule 45 of the Federal Rules of Civil Procedure. In any event, Plaintiff's motion is improper and will be stricken.

## ORDER

**IT IS, THEREFORE, ORDERED** that that Defendants' Motion to Extend Time to File Responsive Pleading [Doc. 29] is **GRANTED** and

Defendants shall have until August 10, 2020 to answer or otherwise respond to Plaintiff's Second Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery [Doc. 28] is hereby **STRICKEN** from the record in this matter.

**IT IS SO ORDERED**.

Signed: July 27, 2020

Martin Reidinger
Chief United States District Judge