UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00342-MR

| BRIAN KEITH ROGERS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| SCOTTIE P. CARSON, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court sua sponte on its review of the docket in this matter.

Pro se Plaintiff Brian Keith Rogers ("Plaintiff") is a former federal prisoner who was housed at Butner Federal Correctional Institution in Butner, North Carolina. Plaintiff filed this action on July 18, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff filed an Amended Complaint on February 10, 2020, which survived initial review. [Docs. 11, 14]. Defendants Carson, Grosse, and Brito ("Defendants"), who are alleged to be officers with the Charlotte-Mecklenburg Police Department, were served on May 29, 2020. [Docs. 23-25]. The summons for Defendant FNU Cello was returned unexecuted and he remains unserved. [See Doc. 22].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This Rule makes clear that the Court must extend the service period if the plaintiff can show "good cause" for the failure to serve. Brooks v. Johnson, 924 F.3d 104, 120 (4th Cir. 2019). "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court.'" Collins v. Thornton, --- F. App'x ---, 2019 WL 3801449, at *1 (4th Cir. Aug. 13, 2019) (citations omitted). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on March 25, 2020. [Doc. 14]. Plaintiff, therefore, had until June 23, 2020, at the latest, to serve Defendant Cello. On September 23, 2020, the Court notified Plaintiff that it would dismiss Defendant Cello without prejudice unless Plaintiff showed good cause for the failure to timely serve Defendant Cello. [Doc. 36].

Plaintiff has not responded to the Court's Show Cause Order.

As such, the Plaintiff has not timely shown good cause for his failure to timely serve Defendant Cello. Further, the Court declines to exercise its discretion to extend the time for service. The Court will, therefore, dismiss Defendant Cello.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant FNU Cello is hereby **DISMISSED** as a Defendant in this case without prejudice.

**IT IS SO ORDERED**.

Signed: October 22, 2020

Martin Reidinger
Chief United States District Judge