# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:19-cv-00342-MR

| | | |
|---|---|---|
| BRIAN KEITH ROGERS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SCOTTIE P. CARSON, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint [Docs. 27, 27-1], pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and Defendants' Motion to Dismiss [Doc. 32].

## I.    BACKGROUND

Pro se Plaintiff Brian Keith Rogers ("Plaintiff") filed this action on July 18, 2019, pursuant to 42 U.S.C. § 1983.  [Doc. 1].  Plaintiff purported to bring claims against eight Defendants under the Fourth, Fifth, Eighth, and Fourteenth Amendments for racial profiling, false accusations, issuance of an unreasonable bond, and denial of an unbiased hearing, which Plaintiff alleges occurred in relation to Plaintiff's arrest for trafficking and possession of heroin on September 6, 2018.[1]  [Doc. 1 at 3-4; Doc. 3].

---

[1] Although Plaintiff was initially arrested for possession and trafficking of heroin, lab results

At the time of Plaintiff's arrest on September 6, 2018, Plaintiff was serving a three-year term of supervised release after having served a federal sentence of 92 months for possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871. [See Criminal Case No. 3:10-cr-00235-FDW-DCK ("CR"), Doc. 48 at 1: SRV Petition]. On October 23, 2018, Plaintiff was arrested for various violations of his conditions of supervised release, including a Grade A new law violation that was the subject of the September 6, 2018 arrest. [Docs. 51; see Doc. 48 at 1-2]. Plaintiff was ordered detained pending a revocation hearing. [Doc. 53]. On June 19, 2019, Plaintiff's revocation hearing was held. Defendants Grosse, Carson, and Brito testified, as did Plaintiff and Patrick Lyon. [CR Doc. 78: Rev. Hearing Tr.]. Patrick Lyon was driving the van, with Plaintiff as a passenger, that Plaintiff claims was unlawfully stopped because of Defendants' allegedly unconstitutional conduct. After a lengthy hearing, the Court found that Plaintiff had committed the charged Grade A new law violation for possession of fentanyl, revoked Plaintiff's term of supervised release, and sentenced Plaintiff to a 24 month term of imprisonment plus a new term of supervised release of 12 months for the violations.[2] [CR Doc. 68]. Plaintiff

_____

later showed the substance was fentanyl, not heroin.

[2] The Government dismissed Violations One, Two, and Four and Plaintiff admitted guilt

appealed this Court's judgment revoking Plaintiff's previously imposed term of supervised release, arguing that the Court abused its discretion in finding that Plaintiff committed the Grade A violation.[3]  United States v. Rogers, 801 Fed. App'x 193, 194 (4th Cir. 2020). On appeal, the Fourth Circuit concluded that the Court "did not abuse its discretion when it determined that the Government established, by a preponderance of the evidence, that [Plaintiff] committed the challenged 'new law' violation," namely, possession with intent to distribute fentanyl.  Id.

On initial review of Plaintiff's Complaint here, the Court concluded, in part, that Plaintiff's claims appeared to be barred by Heck v. Humphrey.[4]  The Court, therefore, allowed Plaintiff 30 days to amend his Complaint to demonstrate that his claims were not Heck-barred.[5]  [Doc. 8 at 3-4, 6].  After receiving a 30-day extension, Plaintiff filed an Amended Complaint.  [Docs. 9-11].

---

to Violation Three.  [CR Doc. 68: Revocation Judgment].

[3] Plaintiff did not contest the Court's 24-month custodial term of imprisonment on appeal. [CR Doc. 80 at 2 n.2].

[4] Under Heck, a claim for damages under § 1983 is barred if a judgment in favor of the plaintiff would "necessarily imply the invalidity" of a conviction or sentence of that Plaintiff in a related criminal proceeding.  512 U.S. 477, 486-87, 512 S. Ct. 2364 (1994).

[5] The Court also dismissed Defendants Charlotte Mecklenburg Police Department, Charlotte Mecklenburg Police Department, and FNU Simmons for the reasons stated in the Court's Order.  [See Doc. 8].

In his Amended Complaint, Plaintiff named Thomas Grosse, identified as an undercover officer for the Charlotte Mecklenburg Police Department (CMPD); FNU Cello, identified as a CMPD undercover officer; Scottie P. Carson, identified as a CMPD Sergeant; and J.G. Brito, identified as a CMPD police officer, as Defendants.[6]  [Doc. 11 at 3].  Plaintiff alleged that these Defendants "all … played a part in the [unlawful] stop, detainment, and ultimately [Plaintiff's] arrest in violation of [his] Fourth, Fifth, Eighth, and Fourteenth Amendment rights." [Doc. 11-1 at 2, 3].  For relief, Plaintiff sought $75 million in damages, full expungement of all offenses on "[Plaintiff's] record" related to or a result of this incident, reprimand of "all officers involved" for "their part in this incident," and that the officers be educated for the purpose of improving their "race relations and counter [their] prejudices in dealing with African American males."  [Doc. 11 at 4].

Because Plaintiff sought, in part, prospective injunctive relief, Ex Parte Young, 28 S. Ct. 441 (1908), and because Plaintiff alleged that the charges against him resulting from the stop were dropped, Plaintiff's Amended Complaint survived initial review as not clearly frivolous.  [Doc. 14].  The Court ordered Plaintiff to provide completed summonses for service on the

_____

[6] Plaintiff named these Defendants in their official capacities only. [Doc. 11-1 at 1].

4

Defendants. [Id. at 3-4]. Plaintiff complied. [See Doc. 15]. Before service was effected, Plaintiff moved again to amend his complaint. [Doc. 16]. Plaintiff sought to assert claims against Defendants in their official and individual capacities. [See id. at 2]. The Court denied Plaintiff's motion to amend without prejudice for Plaintiff's failure to submit a proposed second amended complaint with his motion. [Doc. 20 at 5]. The Court allowed Plaintiff 30 days to amend his complaint "to assert all the claims Plaintiff intends to bring against all the Defendants he intends to sue." [Id. at 6]. Three days after the Court issued this Order, the U.S. Marshal effected service of Plaintiff's Amended Complaint on Defendants Grosse, Carson, and Brito on May 29, 2020. [Docs. 23-25]. The summons for Defendant Cello was returned unexecuted.[7] [Doc. 22].

On June 19, 2020, Plaintiff filed a Second Amended Complaint against the same four Defendants, asserting the same claims against them under the Fourth, Fifth, Eighth, and Fourteenth Amendments in their individual and

---

[7] Defendant Cello was later dismissed by the Court as a Defendant for Plaintiff's failure to timely effect service on him. [Doc. 39]. This dismissal was, however, errantly based on Plaintiff's failure to effect service of the Amended Complaint on Defendant Cello, not the Second Amended Complaint, which superseded it. Because service of the Second Amended Complaint on Defendant Cello was never attempted, the Court will consider the claims as proceeding against Defendant Cello for purposes of the matters before the Court.

official capacities.[8]  [Doc. 27].  In his Second Amended Complaint, Plaintiff

alleges as follows.  On September 6, 2018, Plaintiff and his girlfriend "pulled

into the Bojangles parking lot to meet an associate about a possible

employment opportunity."  [Doc. 27-1 at 2].  Plaintiff's girlfriend was going to

follow Plaintiff and Plaintiff's associate, who would be driving together in the

associate's truck, to a supply warehouse.  [Id.].  The associate was bringing

Plaintiff to the warehouse to show Plaintiff "the location of future employment

with him." [Id.].  On the way to the supply warehouse, Plaintiff, who was riding

in the passenger seat, and the associate were "stopped by the police, pulled

out of the truck, and detained (hand-cuffed) and placed in the police car."

[Id. at 3].  Then, after "the officers" questioned Plaintiff "regarding the nature

of [their] association and business together," Plaintiff "was placed under

arrest for drugs found in [his] associates [*sic*] glove compartment."  [Id.].

Plaintiff had no knowledge of these drugs.  [Id.].  The charges were

"automatically dismissed for illegal action by police and lack of evidence of

criminal activity."  [Id.].

As to the individual Defendants, Plaintiff alleges only that Defendants

Grosse and Cello, working "undercover, either initiated or were the cause of

---

[8] This Court has not yet conducted initial review of Plaintiff's Second Amended Complaint.

the stop, detainment, and unlawful arrest of the Plaintiff." [Id. at 3].   As for

Defendants Carson and Brito, Plaintiff alleges only that these Defendants

"abused their discretion or acted on their own false claim of having seen a

hand[-]to[-]hand drug transaction in the Bojangles parking lot," which "led

them to stop, detain, and ultimately unlawfully arrest the Plaintiff."  [Id. at 3-

4].  Plaintiff seeks the same relief as in his Amended Complaint, but now

claims $150 million in damages.  [Id. at 4].  According to the Bureau of

Prisons website inmate locator, Plaintiff was released from custody on July

10, 2020.

On July 17, 2020, Defendants Grosse, Carson, and Brito, recognizing

that Plaintiff had filed a Second Amended Complaint and that the time to

respond thereto had expired, requested an additional 30 days to serve a

responsive pleading to Plaintiff's Second Amended Complaint.  [Doc. 29].

The Court granted the requested extension.  [Doc. 31].  Thereafter,

Defendants filed the instant motion to dismiss pursuant to Rules 12(b)(1) and

12(b)(6) of the Federal Rules of Civil Procedure.[9]  [Doc. 32].  Defendants

argue that Plaintiff's Complaint is barred by Heck, that Defendants are

entitled to qualified immunity, and that Plaintiff's official capacity claims fail

---

[9] Defendants' motion, however, relates to and addresses Plaintiff's Amended Complaint,
not Plaintiff's Second Amended Complaint.  [See Docs. 32, 32-1 at 8].

under <u>Monell</u>.[10]  [Doc. 32-1 at 8-16].  As a threshold matter, the Court will now conduct of initial review of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  <u>See</u> <u>also</u> <u>Ricks v. Armstrong Intern., Inc.</u>, 2014 WL 2587611, at *2 (W.D.N.C. June 10, 2014) ("The Court is not required to ignore an obvious failure to allege facts setting forth a plausible claim for relief.") (citing <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990)).

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

---

[10] In response, not realizing that initial review of Plaintiff's Second Amended Complaint has not been conducted, the Court entered an order, in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his right to respond to Defendants' motion within 14 days of that Order. [Doc. 33].  Despite having been granted an additional 45 days to respond, Plaintiff did not respond until November 13, 2020, nearly three weeks after the extended deadline.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Here, Plaintiff claims his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments were violated by Defendants.

### A.    Fourth Amendment

To state a claim under the Fourth Amendment, a plaintiff need allege that (1) defendant caused (2) a seizure of plaintiff pursuant to legal process that was not supported by probable cause, and (3) the criminal proceedings

terminated in Plaintiff's favor.  Massey v. Ojaniit, 759 F.3d 343, 356 (4th Cir.

2014).  "A plaintiff's allegations that police seized him 'pursuant to legal

process that was not supported by probable cause and that the criminal

proceedings terminated in his favor are sufficient to state a … claim alleging

a seizure that was violate of the Fourth Amendment.'"  Miller v. Prince

George's Cnty, Md., 475 F.3d 621, 627 (4th Cir. 2007) (quoting Brooks v.

City of Winston-Salem, 85 F.3d 183, 183-84 (4th Cir. 1996)).  "To prove an

absence of probable cause, [the plaintiff] must allege a set of facts which

made it unjustifiable for a reasonable officer to conclude" that the plaintiff had

violated the relevant statute.  Brown v. Gilmore, 278 F.3d 362, 368 (4th Cir.

2002).

Here, Plaintiff vaguely alleges that Defendants Grosse and Cello,

working "undercover, either initiated or were the cause of the stop,

detainment, and unlawful arrest of the Plaintiff." [Id. at 3].  As to Defendants

Carson and Brito, Plaintiff alleges that they "abused their discretion or acted

on their own false claim of having seen a hand to hand drug transaction in

the Bojangles parking lot," which "led them to stop, detain, and ultimately

unlawfully arrest the Plaintiff." [Id. at 3-4].

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of

every reasonable inference, Plaintiff has failed to state a claim under the

10

Fourth Amendment. First, Plaintiff states no particularized allegations against Defendants Grosse or Cello, claiming only that they "either initiated or were the cause of the stop, detainment, and unlawful arrest of the Plaintiff." These allegations are too vague and conclusory to state any cause of action against these Defendants under the Fourth Amendment or otherwise. Second, although Plaintiff's allegations may be sufficient to satisfy the first two elements of a Fourth Amendment claim as to Defendants Brito and Carson, Plaintiff has failed to allege facts showing that these Defendants lacked probable cause to arrest Plaintiff. Namely, Plaintiff has not alleged a set of facts that made it unjustifiable for Defendants Brito and Carson to conclude that Plaintiff was engaged in a drug transaction. As such, Plaintiff's Fourth Amendment claim fails initial review for Plaintiff's failure to state a claim for relief.

## B. Plaintiff's Other Claims

Plaintiff also purports to state claims under the Fifth, Eighth, and Fourteenth Amendments. Other than bald claims of "racial profiling, illegal detainment, and unlawful arrest," Plaintiff, however, alleges nothing in support of these claims. Moreover, Plaintiff makes no particularized allegations against any Defendant with respect to these claims. Further, Plaintiff's allegations do not implicate the Eight Amendment in any way. As

such, these claims also fail initial review under 28 U.S.C. §§ 1915(e) and

1915A.[11,12]

Because Plaintiff fails again to state a claim for relief after having been

afforded multiple opportunities to amend, the Court will dismiss Plaintiff's

Second Amended Complaint with prejudice.  See Green v. Wells Fargo

Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV.    CONCLUSION

In sum, for the reasons stated herein, the Court will dismiss Plaintiff's

Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A

for Plaintiff's failure to state a claim upon which relief may be granted.

---

[11] The Court notes that because Plaintiff has been released from custody, his claim for injunctive relief, which was the sole reason his Amended Complaint survived initial review, is now moot.  See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

[12] The Court also notes that, if Defendants had moved to dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6), the outcome would be the same.  Courts may consider facts and documents subject to judicial notice without converting a motion to dismiss into a motion for summary judgment.  Clatterbuck v. City of Charlottesville, 708 F.3d 548, 557 (4th Cir. 2013), abrogated on other grounds, Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015).  "Under this exception, courts may consider relevant facts obtained from the public record, so long as these facts are construed in the light most favorable to the plaintiff along with the well-pleaded allegations of the complaint."  Id. (internal quotation marks omitted).  As such, the Court could have taken judicial notice of matters filed in Plaintiff's federal criminal proceeding, including the transcript of Plaintiff's revocation hearing.  This transcript contains testimony by Defendants Grosse, Brito, and Carson that reflects the existence of probable cause for the stop, detention, search, and arrest of Plaintiff.  A motion to dismiss based on the failure to state a claim for relief, therefore, would have been granted.  See Stutzman v. Krenik, 350 F.Supp.3d 366, 377 (D. Md. Oct. 10, 2018) (dismissing plaintiff's Fourth Amendment § 1983 claim where plaintiff's complaint itself established probable cause to conclude that the plaintiff committed the relevant offense).

Because Plaintiff has already been afforded multiple previous opportunities to amend his Complaint, the Court will dismiss Plaintiff's Second Amended Complaint with prejudice. The Court will, therefore, deny Defendants' Motion to Dismiss as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Second Amended Complaint [Docs. 27, 27-1] fails initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A and is hereby **DISMISSED with prejudice** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [Doc. 32] is **DENIED** as moot.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 9, 2021

Martin Reidinger
Chief United States District Judge